KLEIN, J.
Appellant was convicted of first degree murder, burglary with an assault or battery, and robbery. We affirm his convictions, rejecting his argument that the trial court erred in allowing psychologists to testify that he was not insane at the time he committed the crimes.
Appellant killed an eighty-two year old woman who was a neighbor of his mother and whom he had known for a long time. Appellant admitted the killing, but presented evidence that he had been suffering from bipolar disorder for almost ten years and was taking a number of drugs pursuant to his doctor’s prescriptions. The day before the murder he had moved out of a half-way house, where he had been living, and where he had exhibited agitation, mood swings, and suicidal behavior. He was evicted for violating the rules.
After hearing that the body of the victim had been found, appellant admitted to his brother-in-law that he had killed the woman, saying that the “devil came inside him,” and that it was an accident. After he was arrested he gave a statement in which he admitted the killing. In his statement, which was in evidence, appellant said that he had been drinking and doing crack cocaine, and was high, drunk, and “blacked out” when he went to the victim’s house about 10:00 P.M. to borrow money to buy more crack. He pushed the victim and she fell, hitting her head. While she was bleeding and gurgling, he punched her in the face and put a pillow on her head. He also tied her up, and took money and other items from the house to sell to buy crack.
*659 Appellant presented the testimony of a pharmacologist who testified that mixing alcohol, cocaine, and the prescription medicine appellant was taking, was very dangerous. Under the combined effects of those substances, appellant would not know what he was doing to the extent that he could beat someone to death and not know he was doing it. A neurologist/pharmacologist and a psychiatrist also testified that the combination of substances would create a violent reaction resulting in appellant not knowing what he was doing when he killed the victim.
To rebut the above testimony, the state offered two psychologists. The psychologists were not experts on drugs or then-effects, and appellant objected to their testifying because of their lack of expertise as to the effect of the drugs on appellant’s state of mind. The trial court overruled the objection, and the admission of their testimony is alleged to be error.
The state’s psychologists did not testify as to matters beyond their expertise, and the trial court did not, accordingly, abuse its discretion in allowing them to testify. § 90.702, Fla. Stat. (1997). They did not testify about the effect of the drugs, alcohol and cocaine, and in fact admitted they were not qualified on that subject. Rather their testimony focused on appellant’s behavior at the time of the crime. - They relied heavily on appellant’s description of the events, including the facts that he tied the victim’s hands and feet, took two televisions and their remotes, remembered where he sold them and how much money he received for them, and used the cash to buy drugs. They testified that appellant acted in a coherent, organized manner which was consistent with his being aware of the nature and consequences of his acts, and the fact that these acts were wrong. Based on the manner in which he committed the crime and conducted himself thereafter, appellant was not insane.
Appellant cites no authority which would preclude these psychologists from rendering opinions based on appellant’s behavior at the time, and in fact there was no specific objection to that effect in the trial court. In the trial court, as in this court, appellant asserted that the psychologists should not have been allowed to testify because of their lack of expertise with medicine. The court did not err in allowing their testimony.
We have considered the other issues raised by appellant and find them to be without merit. Affirmed.
FARMER and TAYLOR, JJ., concur.